IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 03-2072 JB

ANTONIUS MARIA HEIJNEN,
ELIZABETH A. PERRAGLIO and
MARIA DEL CARMEN PATRON
RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Antonius Maria Heijnen's Motion for continuance, filed December 28, 2004 (Doc. 50). The primary issues are: (i) whether the Court should continue Heijnen's trial; and (ii) whether Heijnen is the Defendant named in the Superceding Indictment. Because Heijnen does not present any sound reason why he cannot be ready for a trial on February 14, 2005, or evidence that he is not the person named in the Superceding Indictment, the Court will deny his motion.

## PROCEDURAL BACKGROUND

Heijnen appeared as a claimant in a civil forfeiture case, see United States v. $230,766.45, Civil Docket 01-1225, under the name Antonius Heijnen. He filed a civil action in Second Judicial District Court entitled Antonius M. Heijnen v. Lou DeFranco, et al., No. CV 2003 07153, in which he affirmed that his name was Antonius M. Heijnen. That case was removed to federal court, and the federal court ultimately dismissed it. In the course of that case, Heijnen continued to be referred to as Antonius M. Heijnen. See Heijnen v. DeFranco, et al., Civil Docket No. 03-1338.

Heijnen filed a civil action in federal court against agents who investigated the present criminal case, see Heijnen v. State of New Mexico, et al., Civil Docket No. 02-0008, which the court dismissed. He again affirmed that his name was Antonius M. Heijnen. Heijnen was also removed to the District of South Carolina to face trial there, all under the name of Antonius M. Heijnen. See United States v. Heijnen, Magistrate No. 03-0125. And he submitted this motion for continuance (Doc. 50), in which he raises the dispute about his name, in the name Antonius Maria Heijnen.

The original Indictment in this case was filed on October 17, 2003, now some fourteen months ago. The Superseding Indictment was filed a month later, on November 13, 2003. At the original arraignment on November 6, 2003, and again at the arraignment on the Superceding Indictment on November 26, 2003, Heijnen admitted that his name was Antonius Heijnen.

The Court designated the case complex for Speedy Trial Act purposes. See Order, filed December 17, 2003 (Doc. 26). The Court held a status conference on this case on October 29, 2004. After the Court granted Heijnen's request that his appointed counsel be removed and that he be permitted to represent himself, Heijnen consented to a trial setting of February 14, 2005. See Clerk's Minutes of Status Conference, filed December 16, 2004 (Doc. 46); Order, filed December 17, 2004 (Doc. 47).

Without acknowledging the Court's jurisdiction over him, Heijnen represents that he has recently decided to prepare his own defense in this case and needs to prepare for a "Common Law trial" as guaranteed by the Seventh Amendment of the United States Constitution. In addition, although captioned a motion for continuance, Heijnen's motion includes an additional argument concerning the capitalization of his name in the Superseding Indictment. Heijnen argues that, when his name is spelled out in capital letters -- "ANTONIUS MARIA HEIJNEN" -- as in the

caption of the Superceding Indictment, it is no longer his name and he represents that he can submit evidence that this capitalized name is not his name, but the name of some fictitious entity. Heijnen requests that the Court submit evidence that his name is "ANTONIUS MARIA HEIJNEN" and, if such evidence cannot be produced, that his name be changed or, alternatively, that the case against him be dismissed.

## ANALYSIS

The Court will deny Heijnen's motion for a continuance. Heijnen does not state a sound reason for his request. He gives no explanation why the period between his filing of this motion and the current trial date of February 14, 2005 is inadequate for the preparation of his defense. Moreover, Heijnen decided in October, 2004 to prepare his own defense in this case. See Defendant Heijnen's Notice of Termination of Appointment of Counsel and Request for Continuance, filed October 5, 2004 (Doc. 40).

The public retains a cognizable interest in a speedy trial. See, e.g., 18 U.S.C. § 3161(h)(8)(A) (requiring a finding that the ends of justice to be served by pretrial delay for, among other things, unusual complexity, outweigh the best interests of the public and the defendant in a speedy trial). In the absence of any proffered reason why the ends of justice require further delay, the Court will deny Heijnen's motion for continuance.

There is no sound basis for Heijnen's argument about the capitalization of his name. Heijnen submits as authority a reference to the District of Columbia Code, § 1-201.03(7), and asks the Court to note the difference between "act" and "Act" in the provision. Heijnen argues that, if capitalization is not relevant, then an act of the Council of the District of Columbia would be the same as an Act of Congress, and that is not the case. Heijnen contends that an all capitalized name has a different

meaning than a normal name with initial capital letters.  Heijnen also submits that <u>Penhallow v. Duane's Administrators</u>, 3 Dall. 54, 1 L. Ed. 507 (1795), provides a more precise explanation and sets forth the following quotation:

> In asmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons.  The imaginery, having neither actuality nor substance, is foreclosed from creating and affirming parity with the tangible.  The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc, can concern itself with anything other than corporate artificial persons and the contacts between them.[1]

Heijnen does not raise a genuine dispute whether the Superseding Indictment names him.  Heijnen objects to the use of block capital letters in the caption of the Superseding Indictment.  The usage is a typographical convention without legal significance.  This capitalization does not merit relief.

**IT IS ORDERED** that the Defendant Antonius Maria Heijnen's Motion for Continuance is denied.

_____
UNITED STATES DISTRICT JUDGE

David C. Iglesias
  United States Attorney
    for the district of New Mexico
Jonathon M. Gerson
Stephen R. Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

---

[1] The Court was unable to locate this quotation in <u>Penhallow v. Duane's Administrators</u>, 3 Dall. 54, 1 L. Ed. 507 (1795), or in any other source.

Antonius Maria Heijnen
Torrance County Detention Center
Estancia, New Mexico

    *Pro se Defendant*

Ann Steinmetz
Albuquerque, New Mexico

    *Standby counsel for Defendant Antonius Maria Heijnen*

Penni Adrian
Albuquerque, New Mexico

    *Attorney for Defendant Elizabeth A. Perraglio*