## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. CR 03-2072 JB

ANTONIUS MARIA HEIJNEN, and
ELIZABETH A. PERRAGLIO,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Antonius Maria Heijnen's First Motion to Dismiss (Lack of jurisdiction for failure to serve summons and indictment under federal rules), filed January 25, 2005 (Doc. 65). The Court held a hearing on this motion on January 31, 2005.  The issue is whether the United States' failure to serve Heijnen properly with the summons and Indictment requires the dismissal of the case against him for lack of jurisdiction.  Because Heijnen subjected himself to the Court's personal jurisdiction and because his motion was not timely filed, the Court will deny the Defendant's motion.

### PROCEDURAL BACKGROUND

The summons and Indictment were sent to Heijnen by mail, and no personal service was made.  Heijnen appeared in court, however, on his scheduled arraignment date and entered a not guilty plea to the Indictment.

On October 29, 2004, the Court held a status conference to resolve certain pending matters, including Heijnen's request that his counsel be relieved from appointment.  In the course of that conference, the Court established a December 27, 2004 deadline for the filing of motions. See Order,

filed December 17, 2004 (Doc. 47).  Heijnen filed this motion on January 25, 2005, four weeks and

a day after the deadline for filing motions had elapsed.

## RULE 4(c)(3)(B)

Under the terms of rule 4(c)(3)(B) of the Federal Rules of Criminal Procedure, a summons

is to be served upon a defendant personally, or by leaving a copy of the summons with a person of

suitable age and discretion at the defendant's residence and by mailing a copy to the defendant's last

known address.  See Fed. R. Crim. P. 4(c)(3)(B).  "Service of summons under the rule is substantially

the same as in civil actions under Federal Rules of Civil Procedure, Rule 4(d)(1)."  Fed. R. Crim. P.

4, advisory committee's notes to subdivision 4(c)(3)., n.2.

Under the civil rules, when service is not effected as to an individual, as required by rule

4(d)(1), a district court does not have personal jurisdiction over that individual.  See Bartels v.

Hecker, 1995 U.S. App. LEXIS 1378, * 6 (10th Cir. January 23, 1995)(unpublished).  Under rule

12(b) of the Federal Rules of Civil Procedure, the defense of insufficient service may be asserted in

the answer or in a pre-answer motion.  See Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959

F.2d 170, 174-75 (10th Cir. 1992); Fed. R. Civ. P. 12(b), (h)(1).  An individual who files an answer

or a pre-answer motion without raising the defense, however, waives the defense and voluntarily

submits to the court's jurisdiction.  See Jenkins v. City of Topeka, 136 F.3d 1274, 1275-76 (10th Cir.

1998); Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d at 174-75.

## ANALYSIS

Heijnen voluntarily submitted to the Court's jurisdiction by appearing before this Court and

filing motions without raising the defense of insufficient service.   Moreover, Heijnen did not timely

file this motion.  The Court will deny Heijnen's motion as a matter of law.

# I.    THE COURT HAS PERSONAL JURISDICTION OVER HEIJNEN.

Heijnen complains that he was served in contradiction of rule 4(c)(3)(B) because he was served by mail alone.[1]  Heijnen relies on Heijnen v. DeFranco, Civil Docket No. 03-1338 WJ -- a civil case -- in which he attempted to serve government employees by certified mail.  The United States, on behalf of the government employees, did not answer the complaint, but instead filed a motion to dismiss on the basis of inadequacy of service.  The Honorable William P. Johnson, United States District Judge for the District of New Mexico, concluded that Heijnen had not served the government employees in accordance with rule 4(i)(2) of the Federal Rules of Civil Procedure and dismissed the Complaint.  See Heijnen v. DeFranco, Civil Docket No. 03-1338 WJ, Memorandum Opinion and Order Granting Defendants' Motion to Dismiss at 7, filed February 24, 2004 (Doc. 3).

Heijnen does not contest that he received actual notice of the summons and Indictment, and he does not argue that he has been prejudiced in any way.  Upon receiving the summons and Indictment, Heijnen appeared for his arraignment and entering a plea of not guilty.  He has filed motions with this Court and appeared for hearings.  To preserve his objection, Heijnen needed to file a motion to quash the summons or otherwise responded in a manner that did not concede personal jurisdiction.  By appearing in Court and filing motions without raising the sufficiency of service, Heijnen waived his objection to the adequacy of service and voluntarily submitted to the Court's personal jurisdiction.  Accordingly, the Court will deny his motion to dismiss.

---

[1] The United States, at the hearing on this motion, did not dispute that the service on Heijnen did not comply with rule 4(c)(3)(B).  See Transcript of Hearing at 49:4-6 (January 31, 2005); Memorandum of the United States in Opposition to Defendant Heijnen's Motion to Dismiss for Failure to Serve Summons, filed January 27, 2005 (Doc. 73).

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

## II.   **HEIJNEN'S MOTION WAS NOT TIMELY FILED.**

Heijnen's motion was filed after the December 27, 2005 deadline for filing motions.  Heijnen's motion appears to be dilatory in nature and serve no purpose that advances the issues that remain for trial.  In one way or another, Heijnen's motions seek to achieve by other means the postponement of the trial setting that the Court has already denied Heijnen.  The Court will deny this motion because Heijnen filed it out of time.

**IT IS ORDERED** that Defendant Antonius Maria Heijnen's First Motion to Dismiss is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Jonathon M. Gerson
Stephen R. Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Antonius Maria Heijnen
Torrance County Detention Center
Estancia, New Mexico

    *Pro se Defendant*

Ann Steinmetz
Albuquerque, New Mexico

    *Standby counsel for Defendant Antonius Maria Heijnen*

Penni Adrian
Albuquerque, New Mexico

*Attorney for Defendant Elizabeth A. Perraglio*