## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                          No. CR. 03-2072 JB

ANTONIUS MARIA HEIJNEN, and
ELIZABETH A PERRAGLIO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Antonius Maria Heijnen's Request for documents and discovery, filed January 20, 2005 (Doc. 59). The Court held a hearing on this motion on January 31, 2005. The primary issue is whether the Court should order someone to produce the information that the Defendant, Antonius Maria Heijnen, requests. While Heijnen is not, under rule 16 of the Federal Rules of Criminal Procedure or under the United States Constitution, entitled to any of the requested materials, the Court will produce some of the requested materials, order the United States to produce other materials, and deny the requests for other information.

## PROCEDURAL BACKGROUND

Without acknowledging that the Court has jurisdiction over him, Heijnen submits a request for documents and discovery that he contends is essential to prove the validity and lawful authority of these criminal proceedings and of this Court. Specifically, Heijnen requests the following documents:

1. Heijnen asks for the Commission that the President of the United States signed, countersigned by the United States Attorney General, appointing the Honorable James O. Browning,

United States District Judge, to the office of federal judge and making him, under the United States Constitution, an Article III judge. See 5 U.S.C. §§ 2104, 2902. Heijnen asserts that Judge Browning currently "claims or pretends" to have been duly commissioned as such to preside in the United States District Court for the District of New Mexico.

2.   Heijnen asks for the Commission or other documents evidencing the appointment of the Honorable Lorenzo F. Garcia, United States Magistrate Judge. Heijnen contends that Judge Garcia "purports" to be a United States Magistrate Judge serving in an Article III district court of the United States and purports to have been appointed by an Article III district judge for the District of New Mexico.

3.   Heijnen asks for a document showing that the United States Attorney's Office in New Mexico, which is part of the United States Department of Justice, is authorized to represent the United States of America as well as represent the United States. Heijnen seeks a power of attorney or similar document signed by a legitimate representative of the UNITED STATES OF AMERICA and/or the United States of America. He contends that current public law prohibits the United States Attorneys and their assistants from representing any other party than the United States, and asserts that it is evident that the United States and the United States of America are separate and distinct entities.

4.   Heijnen asks for publication and/or evidence of the implementing regulations for 18 U.S.C. §§ 2, 371, 1956, 1957, 3231, as required under the Federal Register Act and standing United States Supreme Court opinions, to make them applicable law or law at all.

5.   Heijnen asks for evidence that he -- Antonius Maria Heijnen – and one of the Defendants, named ANTONIUS MARIA HEIJNEN, are one and the same individual and person. Heijnen

contends that capitalization creates a different application or meaning, citing District of Columbia Code 1-201.03(7) and specifically noting the difference between "act" and "Act."[1]

6. Heijnen asks for evidence that the United States of America, rather than the United States, is lawfully authorized to be the plaintiff in this case. Heijnen contends that, under the United States Code, only the United States can be a party of interest.

7. Heijnen requests evidence as to which laws of the United States of America -- not of the United States -- have been violated. Heijnen contends that the only law currently known for the United States of America is the Constitution of the United States for the United States of America.

8. Heijnen asks for a document evidencing that the United States District Court for the District of New Mexico is a "constitutional" Article III district court of the United States and is not a "legislative" Article IV court. Heijnen states that he outlined this position in a pleading that he filed in September 2004. See Motion/Request for Court Opinion and Memorandum on matters of venue, filed October 5, 2004 (Doc. 41). Heijnen argues that, if such evidence cannot be produced, transfer of this case to an Article III district court of the United States is mandatory, because this Article IV court has no jurisdiction over him or over this case.

9. Heijnen asks for a document showing that the United States Code is the law of the United States of America.

10. Heijnen asks for evidence that the members of the two grand juries in this case resided

---

[1] Section 1-201.03 of the District of Columbia Code contains definitions of terms. Subsection (7) states: "The term 'act' includes any legislation passed by the Council, except where the term 'Act' [chapter] is used to refer to this chapter or other Acts of Congress herein specified." D.C. Code § 1-201.03(7). This subsection explains the use of capital letters for the word "act" when used in the District of Columbia Code. It does not stand for a general proposition that words or names spelled with capital letters are different than words or names spelled with lower case letters.

in the federal territory within the district, as required under the United States Code.  Heijnen set forth

his position on this issue in a motion filed in September 2004.  <u>See</u> Notice of Motion and Motion to

Stay Proceedings for failing to comply with Grand Jury selection policy, and Notice of challenge and

Challenge of to constitutionality of "statutes" 28 U.S.C.  297, 517, 518, 1861, 1865 and 1867(d)(,(e)

and Fed. R. Cr. P. rule 6(b)(2), at 2, filed October 5, 2004 (Doc. 42).

11.  Heijnen requests evidence that the presiding judge in this case resides within the federal

territory of this district, as the United States Code requires.  <u>See id</u>.

12.  Heijnen asks for a copy of the oath of office that Judge Browning took.

Heijnen requests delivery of these documents by mail and asks that all copies of the requested

documents be certified copies.  Heijnen states that the collection of these documents will take a

considerable amount of time and suggests a stay of proceeding in the meantime.  Heijnen states that,

if the documents cannot be produced, a dismissal with prejudice is warranted.  The United States

urges the Court to deny the request.

## <u>LAW REGARDING CRIMINAL DISCOVERY</u>

Rule 16 of the Federal Rules of Criminal Procedure govern criminal discovery in the federal

courts.  Rule 16(a)(E) states:

> Documents and Objects. Upon a defendant's request, the government must permit the
> defendant to inspect and to copy or photograph books, papers, documents, data,
> photographs, tangible objects, buildings or places, or copies or portions of any of
> these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(E). The Fifth Amendment's due process also gives rise to a duty on the part of the government to disclose exculpatory information.  See Brady v. Maryland, 373 U.S. 83, 87 (1963).

## ANALYSIS

Heijnen's request calls for the production of evidence, among other things, that this Court is an Article III court, that the laws of the United States are the laws of the United States of America, that the Judges of this Court are duly sworn, and that the United States Attorney is authorized to represent the United States of America.  The materials that Heijnen requests do not come within the scope of discovery.  Nothing in rule 16 requires the disclosure of the items that Heijnen requested.  Moreover, none of the materials that Heijnen requests  have any bearing upon his guilt or innocence of the offenses with which he stands charged, nor upon his possible punishment if convicted.

Nevertheless, the Court will address some of  Heijnen's specific requests:

1, 2, 8, 10, 11, 12.  At the hearing on this motion, the Court brought the following materials to the courtroom so that Heijnen could see them: (i) Judge Browning's Commission from President George W. Bush; (ii) a copy of the Senate page showing his confirmation; (iii) two letters from the White House; (iv) a copy of the oath that Judge Browning took; (v) two documents showing that the active article judges for the United States District Court for the District of New Mexico appointed Judge Garcia as a United States Magistrate Judge; (vi) two documents showing the Court's current and previous Jury Selection Plans; and (vii) a copy of the Judge Browning's New Mexico driver's license, showing that Judge Browning lives in Albuquerque, New Mexico.

 3.  The United States has no obligation to provide any of the materials that Heijnen requests, but is encouraged to provide Heijnen with any such materials it may have.

4, 6, 9.  Heijnen can get these materials out of law books or from public sources as well as the United States or the Court.  The Court will not research these issues for Heijnen or require the United States to do this work for him.

5, 7.  The United States needs to produce any evidence it intends to use at trial to prove these points, but on the United States representation that it has complied with its discovery obligation, the court will not order the United States, at this time, to produce any materials.

**IT IS ORDERED** that Defendant Antonius M. Heijnen's Request for Documents and Discovery is denied in part and granted in part, with discovery proceeding as outlined above.


_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney
      for the District of New Mexico
Jonathon M. Gerson
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*


Antonius Maria Heijnen
Torrance County Detention Center
Estancia, New Mexico

      *Pro se Defendant*

Ann Steinmetz

Albuquerque, New Mexico

      *Standby Attorney for Defendant*
       *Antonius Maria Heijnen*

Penni Adrian
Albuquerque, New Mexico

      *Attorney for Defendant Elizabeth A. Perraglio*