**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                       No. CR 03-2072 JB

ANTONIUS MARIA HEIJNEN, and
ELIZABETH A. PERRAGLIO,

    Defendants.

**MEMORANDUM ORDER AND OPINION**

**THIS MATTER** comes before the Court on (i) Defendant Antonius Maria Heijnen's oral motion for a stay of proceedings, made February 16, 2005; and (ii) the United States' oral motion that the Court preclude Heijnen from filing further notices of appeal, made February 16, 2005. Heijnen has filed two notices of appeal in this case. See Notice of appeal to order denying continuance, filed January 20, 2005 (Doc. 61); Notice of Appeal to Order on Jan 31, 2005, denying five (5) motions by undersigned to dismiss, as filed Jan 25, 2005, filed February 9, 2004 (Doc. 89).[1] The primary issues are: (i) whether the Court should proceed with this case; and (ii) whether the Court should enter an order precluding the Defendant Antonius Maria Heijnen from initiating additional appeals. Because the Court concludes that the orders from which Heijnen appeals are not appealable orders,

---

[1] Heijnen appeals the orders denying the following motions: (i) First Motion to Dismiss (Lack of jurisdiction for failure to serve summons and indictment under federal rules), filed January 25, 2005 (Doc. 65); (ii) Second Motion to dismiss; Lack of jurisdiction, filed January 25, 2005 (Doc. 66); (iii) Third Motion to dismiss; Default by Plaintiff and fraud resulting in lack of jurisdiction in addition, filed January 25, 2005 (Doc. 67); (iv) Fourth Motion for Dismiss; Lack of due process; fraud, filed January 25, 2005 (Doc. 68); (v) Fifth Motion to dismiss Lack of jurisdiction; true meaning of Interstate Commerce, filed January 25, 2005 (Doc. 69).

the Court will proceed with the case. The Court declines to stay the case or preclude Heijnen from initiating additional appeals.

## LAW ON APPEALS

28 U.S.C. § 1291 gives federal appellate courts jurisdiction to hear "appeals from all final decisions of the district courts." The final judgment rule requires that an appellant raise all claims of error in a single appeal. See Flanagan v. United States, 465 U.S. 259, 263 (1984). "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Coopers & Lybrand v. Livesay 437 U.S. 463, 467 (1978)(quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" Abney v. United States, 431 U.S. 651, 657 (1977)(quoting DiBella v. United States, 369 U.S. 121, 126 (1962)). "In a criminal case, a decision is not final until both conviction and imposition of sentence." United States v. Thompson, 814 F.2d 1472, 1474 (10th Cir. 1987)(citing Flanagan v. United States, 465 U.S. at 263). See United States v. Visinaiz, 96 Fed. Appx. 594, 596 (10th Cir. 2004); United States v. Snell, 922 F.2d 588, 590 (10th Cir. 1990); United States v. Ritter, 587 F.2d 41, 42 (10th Cir. 1978).

## COLLATERAL ORDER DOCTRINE

The collateral order doctrine provides a narrow exception to the final judgment rule. The collateral order doctrine allows a litigant to seek immediate review of an order if it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits

of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." United States v. Visinaiz, 96 Fed. Appx. at 596 (quoting Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989)). The third prong of this test "is satisfied only where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" Midland Asphalt Corp. v. United States, 489 U.S. at 799 (quoting United States v. MacDonald, 435 U.S. 850, 860 (1978)).

## JURISDICTION

Generally, "the filing of a timely notice of appeal from an appealable order divests the trial court of jurisdiction and confers jurisdiction on the court of appeals." United States v. Mavrokordatos, 933 F.2d 843, 846 (10th Cir. 1991). That rule, however, "presupposes that there is a valid appeal from an appealable order." Euziere v. United States, 266 F.2d 88, 91 (10th Cir. 1959). See Arthur Anderson & Co. v. Finesilver, 546 F.2d 338, 340 (10th Cir. 1976). "An attempt to appeal a non-appealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction." Euziere v. United States, 266 F.2d at 91. "If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." Arthur Anderson & Co. v. Finesilver, 546 F.2d at 340-41. The relevant inquiry is whether the order at issue is appealable. See United States v. Mavrokordatos, 933 F.2d at 846.

## ANALYSIS

Under § 1291, the federal appellate court has jurisdiction only to hear appeals from a district court's final decisions. See 28 U.S.C. § 1291. A final decision in a criminal case is a conviction and

sentence. See Flanagan v. United States, 465 U.S. at 263; United States v. Visinaiz, 96 Fed. Appx. at 596; United States v. Thompson, 814 F.2d at 1474; United States v. Snell, 922 F.2d at 590. Heijnen's case is in the pre-trial stage. The orders from which Heijnen appeals are not convictions or sentencings. The Court therefore concludes that the orders from which Heijnen appeals are not final decisions under §1291.

The Court also concludes that the collateral order doctrine does not apply to the orders at issue in Heijnen's notices of appeal. The motions underlying the Court's orders challenge the Court's jurisdiction for various reasons, assert lack of due process and fraud, question the true meaning of the Interstate Commerce Clause, and challenge the constitutionality of the Court's jury selection plan and various federal statutes. None of the matters addressed in the orders will be "effectively unreviewable on appeal from a final judgment." United States v. Visinaiz, 96 Fed. Appx. at 596 (quoting Midland Asphalt Corp. v. United States, 489 U.S. at 799). Nor do they involve "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." See Midland Asphalt Corp. v. United States, 489 U.S. at 799.

The Court concludes that none of Heijnen's appeals are "valid appeals from appealable orders." Euziere v. United States, 266 F.2d at 91. Because of this deficiency, Heijnen's notices of appeal are "a nullity and [do] not invest the appellate court with jurisdiction, and consequently [do] not divest the trial court of its jurisdiction." Id. at 9. The Court concludes that it retains jurisdiction over this matter. The Court will disregard Heijnen's notices of appeal and will continue proceedings in this case to bring it to trial.

Heijnen has sought, through his various written motions and with a number of oral requests, to delay his trial. His oral motion for a stay pending appeal is a similar request. Because the Court

does not believe that the United States Court of Appeals for the Tenth Circuit will entertain his notices of appeal until this Court enters final judgment, there is no sound reason to stay the case while his notices of appeal are pending. The Court will deny Heijnen's oral motion for a stay of the case.

The Court was unable to find authority, and the United States did not supply any, for a district court to enjoin a criminal defendant from filing appeals. The Court, being a trial court, is reluctant to limit Heijnen's right to appeal the district court's rulings against him. The Court therefore declines to preclude Heijnen from filing additional appeals and declines the United States motion for such relief.

**IT IS ORDERED** that Defendant Antonius Maria Heijnen's oral motion for a stay of proceedings is denied. The United States' oral motion that the Court preclude Heijnen from filing further notices of appeal is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Jonathon M. Gerson
Stephen R. Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Antonius Maria Heijnen
Torrance County Detention Center
Estancia, New Mexico

    *Pro se Defendant*

Ann Steinmetz
Albuquerque, New Mexico

>   *Standby counsel for Defendant Antonius Maria Heijnen*

Penni Adrian
Albuquerque, New Mexico

>   *Attorney for Defendant Elizabeth A. Perraglio*