# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 03-2072 JB

ANTONIUS MARIA HEIJNEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Ex Parte Motion for Continuance, filed February 28, 2005 (Doc. 105).  The Court held a hearing on this matter at the beginning of the trial on March 7, 2005.  The issue is whether the Court should vacate the trial set for March 7, 2005, because the Defendant, Antonius Maria Heijnen, may not be able to secure the presence of all his witnesses for trial.  Because the Court has set this trial three times, and because Heijnen did not attempt to subpoena witnesses until February 28, 2005, the date he filed this motion, the Court will deny his request for a continuance.

## PROCEDURAL BACKGROUND

The Court previously set this case for trial for October 4, 2004.  See Notice of Trial, filed September 23, 2004 (Doc. 37).  Heijnen, however, sought to represent himself pro se, and the Court, on October 29, 2004, granted Heijnen's motion.  See Order Following Status Conference, filed December 17, 2004 (Doc. 47).  The Court then set the trial for February 14, 2005.  See id.  The Court also set a pretrial conference for January 31, 2005.  See id.  Later, however, to accommodate surgery for Heijnen's standby counsel, the Court rescheduled the trial for March 7, 2005.  See Notice

of Trial, filed February 17, 2005 (Doc. 97).

At the January 31, 2005 pretrial conference, Heijnen indicated that he had not yet served subpoenas because of logistical issues. <u>See</u> Transcript of Hearing at 17:9-14 (taken January 31, 2005).[1]  The Court orally granted Heijnen's request for free process, but indicated that Heijnen needed to provide the Court with an order identifying to whom he wished the Clerk to issue subpoenas and with addresses indicating where the United States Marshall's Office should serve the subpoenas.  <u>See id.</u> at 17:18-25.  The Assistant United States Attorney alerted Heijnen to the fact that, if he was going to call government officials, the procedure requirement for service is different than the civil rules requirement.  <u>See id.</u> at 18:3-10.

The Court also indicated that, while it would grant Heijnen's motion for free service, it would not, and could not at that time, address whether service had been properly effected.  <u>See id.</u> at 18:11-13.  Heijnen stated that he was aware of process for service to government officials from prior experience, and he represented that he would serve government officials in accordance with the rules. <u>See id.</u> at 18:22-25.  Heijnen also stated that his standby counsel had advised him of the regulations, and he requested citation to the appropriate statutes and regulations.  <u>See id.</u> at 20:2-8.  The Court asked Heijnen's standby counsel whether she could provide this information to Heijnen, and she indicated that she needed to consult with the United States because it had been some time since she had dealt with this issue.  <u>See id.</u> at 20:11-19.  The United States represented that it could provide the Code of Federal Regulations citation to Heijnen's standby counsel.  <u>See id.</u> at 20:25.  It is the Court's understanding that the United States provided the required information to Heijnen's standby

---

[1] The Court's citation to the transcript of the hearing refers to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

counsel.  <u>See</u> Order Following Status Conference, filed December 17, 2004 (Doc. 47).

The Court held a motion hearing on February 16, 2005.  <u>See</u> Notice of Hearing, filed February 9, 2005 (Doc. 88).   At the motion hearing, the Court and parties agreed that, by filing a witness list, exhibit list, jury instructions, and proposed voir dire, Heijnen would not be consenting to the Court's jurisdiction over him, which he contests.  <u>See</u> Transcript of Hearing at 72:9-73:7 (taken February 16, 2005).  The Court did not, however, contemplate more motions.  The deadline for filing pretrial motions was December 27, 2004.  <u>See</u> Order Following Status Conference, filed December 17, 2004 (Doc. 47).  Nonetheless, by filing this motion, the Court does not believe that Heijnen has waived his right to raise on appeal with the United States Court of Appeals for the Tenth Circuit that the district court does not have jurisdiction over him.

Heijnen argues that the Court has hinted that it might issue an order staying proceedings because Heijnen filed an appeal of the Court's denial of his motions to dismiss for lack of jurisdiction. <u>See</u> Memorandum Opinion and Order, filed February 23, 2005 (Doc. 101).  He contends that the denial of his oral motion to stay proceedings on February 23, 2005 came as a total surprise to him, especially considering he had already filed his interlocutory appeals with the Tenth Circuit, which allowed him to file his appeal papers.  <u>See</u> Ex Parte Motion for Continuance ¶ 2, at 1.  The Court disagrees with Heijnen's account of the Court's statements at the February 16, 2005, hearing.  When Heijnen made his oral motion to stay proceedings, the Court said it would look at the issues and enter an order at a later date:

> I do think I probably need to say something on that issue, so I'm going to look at rule 4, look at the rules about a situation like this, where a party files a notice of appeal but the district court goes ahead and continues with the case.  I've been in this area once before, and I think I know what the law is, but I haven't looked at it recently.  So I will issue an opinion which will state whether I'm going to go forward or not and I'll

try to do that fairly quickly.

Excerpt of Transcript, taken February 16, 2005 (Doc. 0).[2]  The Court did not hint that it would grant a stay.  <u>See</u> Transcript of Hearing at 71:15-19 (taken February 16, 2005).  Indeed, the Court strongly suggested that it was proceeding to trial by setting deadlines for pretrial work and confirming that the case was on the Court's March 7, 2005 trailing docket.  <u>See</u> <u>id.</u> at 73:13-74:1; 99:2-3.  By saying that the Court would "look" at issues raised in oral motions at a hearing, the Court did not hint that it would grant any of them.  And the Court entered a formal Memorandum Opinion and Order denying his oral motion one week after he made his oral motion.  <u>See</u> Memorandum Opinion and Order denying Antonius Maria Heijnen's oral motion for a stay of proceedings, and denying the United States' oral motion that the Court preclude Heijnen from filing further notices of appeal, filed February 23, 2005 (Doc. 101).

The real problem is that Heijnen has waited until the eve of trial to try to subpoena his witnesses.  The Court docket shows that Heijnen did not make any request for service of process until February 28, 2005, the same date on which he filed the present motion.  <u>See</u> Ex-Parte Motion for Free Process, filed February 28, 2005 (Doc. 107).  The Court set this trial for February 14, 2005.  <u>See</u> Order Following Status Conference, filed December 17, 2004 (Doc. 47).  The Court then moved it to March 7, 2005.  <u>See</u> Notice of Trial, filed February 17, 2005 (Doc. 97).  Yet Heijnen waited until February 28, 2005, to ask the Court for free process to serve subpoenas on his witnesses.  <u>See</u> Ex-Parte Motion for Free Process.  The docket also shows that, on that same day, Heijnen filed a potential witness list, <u>see</u> Ex-parte sealed witness list of defense, filed February 28, 2005 (Doc. 106),

---

[2] This excerpt is a finalized excerpt of the transcript of the hearing held on February 16, 2005.

with approximately 35 witnesses listed.[3]

The motion's caption reads "Motion for Continuance," with the handwritten addition: "Ex parte." Heijnen represents that he did not have time to request concurrence from the United States Attorneys' office. See Ex Parte Motion for Continuance. He mailed his motion on February 24, 2005, from the Torrence County Detention Facility. He states: "Ruling in absentia requested." At the bottom of the document, his motion states "Certificate of Service: attached," but there is a handwritten line striking the typewritten words. No certificate of service is attached.

The United States opposes this motion. The United States represents that Heijnen did not serve the motion upon the United States. The face of the motion indicates that to be the case. See Government's Memorandum in Opposition to Motion for Continuance at 2. The United States represents that they did not see the motion until the Court posted it on its web site. See id.

## LAW ON SERVICE OF DOCUMENTS FILED WITH COURT

The Federal Rules of Criminal Procedure require that parties serve motions upon opposing counsel "other than [motions] that the court may hear ex parte." Fed. R. Crim. P. 47(c). The local rules require that any motion must include a certificate of service indicating service on each party. See D.N.M. LR-Cr. 47.2(b). While the Federal Rules of Criminal Procedure make reference to service not being necessary in the case of motions that a court may hear ex parte, and courts have the inherent authority to hear ex parte motions, a movant who wishes to file ex parte bears the burden of persuading the court that there is a legitimate basis for excluding other parties. Typical justification for the filing of motions on an ex parte basis include ongoing criminal investigations, safety

---

[3] Heijnen filed his witness list under seal. The United States indicated that, at the calling of this case for trial on Monday, March 7, 2005, it will move to preclude all of Heijnen's witnesses or, in the alternative, for the unsealing of the witness list.

considerations, or the protection of evidentiary privileges.

## LAW ON CONTINUANCES

While Heijnen does not agree that it is law, he cites 18 U.S.C. § 3161 as providing the situations for continuances.  Section 3161 addresses time limits and exclusions for speedy trial purposes.  Subsection (h) of § 3161 provides for periods of delay that are excluded from speedy trial computations.  See 18 U.S.C. § 3161(h).  Among the excluded periods of delay is:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Id. § 3161(h)(8)(A).  In granting a continuance that will be an excluded period of delay, the Court must consider the factors set out in § 3161(h)(8)(B).

## ANALYSIS

The Court agrees that jurisdiction is a prerequisite for the Court to proceed and that the United States must prove the basis for the Court's jurisdiction.  But the Court has already determined that it has jurisdiction and now the Court needs to resolve the case on the merits.  Heijnen does not offer a sound basis for continuing the trial.

## I.      THE COURT WILL DECIDE HEIJNEN'S MOTION ON THE MERITS.

The United States argues that the Court should deny Heijnen's motion because he filed it in violation of the Federal Rules of Criminal Procedure and in violation of the Court's local rules.  First, the United States contends that the Court should deny the motion because he filed it ex parte.  Second, the United States argues that it was filed in violation of the general rules requiring service upon opposing counsel.

Heijnen's motion does not offer a justification in support of filing it ex parte.  It is his burden to show that the motion was one the Court could and should hear ex parte.  He has not made an effort to make this showing.

Nevertheless, the Court does not believe it should deny Heijnen's motion solely because he failed to serve the United States.  Heijnen has elected to proceed pro se.   Moreover, the United States ultimately secured a copy and has timely responded to the motion.  The United States can point to no prejudice.  While the Court cannot excuse Heijnen from compliance with the rules, it would be more appropriate in this situation for the Court to decide the motion on the merits.

## II.    THE MOTION DOES NOT STATE A SUFFICIENT BASIS TO CONTINUE THE TRIAL.

Heijnen contends that it would be prejudicial to him to start the trial on March 7, 2005, as currently scheduled, because it allegedly would disable him from having his witnesses at trial on time. But the grounds that he asserts in support of his motion show neglect on his part.  They do not give rise to a sound basis for the Court to further delay this trial.

There was less than a week remaining before jury selection and trial when Heijnen filed his motion.  Instead of preparing his defense and getting his witnesses to trial, Heijnen has devoted most of his time and energy to trying to delay the trial.  Heijnen's "Notice of Appeal," filed February 9, 2005 (Doc. 89), in which he seeks interlocutory review of the Court's non-final orders, is the latest attempt to stop the proceedings.  Given the Court's consistent efforts to bring this case to trial, the Court's denial of his oral motion for a stay of proceeding, see Memorandum Opinion and Order, filed February 23, 2005 (Doc. 101), should not have surprised him.

The Court granted Heijnen's motion to represent himself pro se more than four months ago.

Heijnen has had ample opportunity to make arrangements for the presence of his witnesses at trial. His standby counsel alerted him as early as October 2004 of the need to get his witnesses to trial. See Transcript of Trial at 5:23-6:14 (taken March 7, 2005).   The public has an interest in a speedy trial, as do criminal defendants.  See 18 U.S.C. § 3161(h)(8)(A).  The Court should not deny further the public's interest in a speedy trial because Heijnen did not act in a reasonable manner to secure his witnesses.

IT IS ORDERED that the Defendant's Motion for Continuance is denied.  The Court will proceed with jury selection and trial on March 7, 2005.

_____
UNITED STATES DISTRICT JUDGE

David C. Iglesias
   United States Attorney for the
      District of New Mexico
Jonathon M. Gerson
Stephen R. Kotz
   Assistant United States Attorneys
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Antonius M. Heijnen
Torrence County Detention Center
Estancia, New Mexico

        *Pro se Defendant*

Ann Steinmetz
Albuquerque, New Mexico

        *Standby Attorney for Defendant Antonius M. Heijnen*

-8-