IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         No. CR 03-2072 JB

ANTONIUS MARIA HEIJNEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Antonius Maria Heijnen's Motion for arrest of judgment [Fed R Cr Proc 34(a)(2)], filed March 21, 2005 (Doc. 143). The Court held a hearing on this motion on April 15, 2005. The primary issue is whether the Court has jurisdiction over the alleged crimes in this case. The Court has already concluded that it has jurisdiction. Consistent with the Court's ruling at the hearing, as well as the Court's past rulings on this subject, and for the reasons given at the time of the hearing and in its past rulings, the Court will deny Heijnen's motion.

## PROCEDURAL BACKGROUND

Heijnen challenged the Court's jurisdiction in his motions to dismiss. See First Motion to Dismiss (Lack of jurisdiction for failure to serve summons and indictment under federal rules), filed January 25, 2005 (Doc. 65); Second Motion to dismiss; Lack of jurisdiction, filed January 25, 2005 (Doc. 66); Third Motion to dismiss; Default by Plaintiff and fraud resulting in lack of jurisdiction in addition, filed January 25, 2005 (Doc. 67); Fourth Motion for Dismiss; Lack of due process; fraud, filed January 25, 2005 (Doc. 68); Fifth Motion to dismiss Lack of jurisdiction; true meaning of

Interstate Commerce, filed January 25, 2005 (Doc. 69). The Court issued opinions and/or orders on each of the motions. See Memorandum Opinion and Order denying First Motion to Dismiss (Lack of jurisdiction for failure to serve summons and indictment under federal rules), filed February 16, 2005 (Doc. 94); Order denying Second Motion to dismiss; Lack of jurisdiction, filed February 16, 2005 (Doc. 90); Order denying Third Motion to dismiss; Default by Plaintiff and fraud resulting in lack of jurisdiction in addition, filed February 16, 2005 (Doc. 91); Order denying Fourth Motion for Dismiss; Lack of due process; fraud, filed February 16, 2005 (Doc. 92); Order denying Fifth Motion to dismiss Lack of jurisdiction; true meaning of Interstate Commerce, filed February 16, 2005 (Doc. 93). Throughout this case, both in writing and in court, Heijnen has challenged the Court's jurisdiction.

Heijnen moves the Court to arrest judgment under rule 34(a)(2) of the Federal Rules of Criminal Procedure. Heijnen has also filed a motion for entry of judgment of acquittal. In that latter motion, Heijnen contends that the evidence is insufficient to sustain a conviction of wire fraud under any applicable state statutes.

## RULE 34(a)(2)

Rule 34(a)(2) provides that, "[u]pon the defendant's motion or on its own, the court must arrest judgment if . . . the court does not have jurisdiction of the charged offense." Under rule 34(b)(2), the defendant must move to arrest judgment within 7 days after the court accepts a verdict.

## ANALYSIS

Some of the issues that Heijnen raises in this motion overlap with those that he raises in his motion for entry of judgment of acquittal. The Court has addressed most of the issues in a separate opinion. The Court will only address here what it understands to be Heijnen's jurisdictional issue.

Heijnen contends that the Court should have moved to arrest judgment on its own motion. Heijnen's primary basis for his motion is that the Court lacks jurisdiction over the alleged offenses and, indeed, has never had jurisdiction. The Court heard Heijnen's arguments on this issue before trial and determined that it had jurisdiction over the case. There is no reason to revisit in detail this issue; if Heijnen wants to appeal this Court's finding of jurisdiction, the appellate court can determine that issue. Arresting the judgment will not bring closure to this issue for Heijnen.

Specifically, or perhaps additionally, Heijnen has argued that there are no common-law offenses against the United States and that this Court has not applied the rules of the common law. The Court has also addressed these issues in prior rulings. In sum, the Grand Jury did not charge Heijnen with common-law offenses, but with statutory offenses. See generally Indictment, filed October 17, 2003 (Doc. 1). The Court applied the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, which may differ from the rules that developed at common law. The Constitution does not require the federal courts to apply common law over statutory law.

Heijnen contends that the first ten amendments to the Constitution are common-law rights. The Court does not disagree that the Bill of Rights embodies the rights that English citizens in the eighteenth century enjoyed under common law. See Smith v. Alabama, 124 U.S. 465, 478 (1888)("The interpretation of the Constitution of the United States is necessarily influenced by the fact that its provisions are framed in the language of the English common law, and are to be read in the light of its history."). Hence, they may be common-law rights too, but for persons in the United States, they are also constitutional rights.

Heijnen argues that the Sixth Amendment jury trial is a common-law trial, but the Sixth Amendment does not state that. The Seventh Amendment refers to suits at common law, but not in

the context of criminal cases.  See Capital Traction Co. v. Hof, 174 U.S. 1, 18 (1899)("[Callan v. Wilson, 127 U.S. 540 (1888)] was a criminal case, **not affected by the Seventh Amendment** of the Constitution . . . .")(emphasis added).  For the most part, the reference gives parties guidance as to when a party has a right to a jury.  See Colgrove v. Battin, 413 U.S. 149, 152 (1973)("The pertinent words of the Seventh Amendment are: 'In Suits at common law . . . the right of trial by jury shall be preserved . . . .'  On its face, this language is not directed to jury characteristics, such as size, but rather defines the kind of cases for which jury trial is preserved, namely, 'suits at common law.'").  In any case, "no fact . . . [has been] re-examined in any court of the United States," so there has been no violation of the Seventh Amendment.

The Court agrees with Heijnen to the extent that he is arguing that certain issues in a criminal trial are for the Court and certain issues for the jury.  The Supreme Court of the United States re-affirmed that distinction in Booker v. Washington, 543 U.S. 220 (2004).  But the Court was careful to observe that distinction throughout this case, and Heijnen does not point to any violation of his Sixth Amendment right to have the jury decide the factual issues.

**IT IS ORDERED** that the Defendant's motion to arrest the judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

David C. Iglesias
  United States Attorney
Jonathon M. Gerson
Stephen Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Antonius Maria Heijnen
Torrence County Detention Facility
Estancia, New Mexico

    *Pro se Defendant*

Ann Steinmetz
Albuquerque, New Mexico

    *Standby Attorney for Defendant Antonius Maria Heijnen*